ORTIZ & ORTIZ LLP
287 Park Avenue South, Suite 728
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
Norma E. Ortiz
email@ortizandortiz.com
*Attorneys for Steven Hiraldo*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:

STEVEN HIRALDO,                                                    Case No. 22-11623-JPM

                Debtor.                                        Chapter 7

----------------------------------------------------------------x

RAUL MATOS,

                Plaintiff,                                     Adv. Pro. No. 23-01011-JPM

   -against-

STEVEN HIRALDO,

                Defendant.

----------------------------------------------------------------x

## AMENDED ANSWER

Steven Hiraldo ("Defendant"), through his counsel Ortiz & Ortiz, L.L.P., hereby responds, by Amended Answer, to the Complaint brought herein by Raul Matos ("Plaintiff") as follows:

## JURISDICTION

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## PARTIES

5. Admitted.

6. Admitted.

## BACKGROUND

7. The Defendant admits that on December 25, 2014, he was involved in a physical altercation with the Plaintiff in front of the premises known as 161 West 108th Street, New York, New York that resulted in an injury to the Plaintiff and denies the remainder of the paragraph.

8. The Defendant admits that in the Plaintiff's civil action (the "Civil Action") against the Defendant, the jury returned a verdict in favor of the Plaintiff on the cause of action for battery for the altercation that occurred on December 25, 2014 that resulted in an injury to the Plaintiff.

9. Denied.

10. Denied.

## STATE COURT ACTION

11. Admitted.

12. Defendant admits that the Plaintiff alleged that the Defendant maliciously and intentionally assaulted the Plaintiff in Paragraph 18 of the state court complaint.

13. Admitted.

14. Admitted.

15. Admitted.

16. The Defendant admits that the New York State court awarded the Plaintiff $250,000.00 in damages but denies that the Defendant is wholly liable for that amount since the judgment states that the jury apportioned 50% of the fault to the Plaintiff and found that the Plaintiff is responsible for 50% of his damages.

17. Admitted.

### COUNT I

18. Admitted.

19. Denied.

### **AFFIRMATIVE DEFENSES**

*As And For A First Affirmative Defense*

20. The Complaint should be dismissed for the failure to state a cause of action against Defendant upon which relief may be warranted.

*As And For A Second Affirmative Defense*

21. The Defendant's conduct resulted from a provocation by the Plaintiff. The Plaintiff's injuries did not result from the Defendant's willful and malicious conduct. The Plaintiff and the Defendant engaged in an altercation and the Plaintiff asserted that the Defendant "sucker-punched" him in the back of the head on a set of stairs outside of the building in which they both reside. The Plaintiff's face hit the handrail on the stairs and his jaw was fractured. The Defendant did not willfully and maliciously cause the Plaintiff's injuries and the Defendant had

no intention or desire to cause this injury to the Plaintiff.

*As And For A Third Affirmative Defense*

22.     The injuries sustained by the Plaintiff resulted from either reckless or negligent conduct by the Defendant. The Plaintiff sued the Defendant in the Civil Action for assault and battery and the jury found that the Defendant committed civil battery but not civil assault. Under New York State law, a civil claim for assault requires tortious intent to commit an intentional act against the Plaintiff. Battery does not require intent: it requires offensive bodily contact that was intended by the Defendant without the consent of the Plaintiff. The Defendant does not deny that he struck the Defendant but he did not intend to create the injury that resulted in the damages to the Plaintiff.

*As And For A Fourth Affirmative Defense*

23.     The Defendant did not intend to cause the injury for which the Plaintiff was awarded damages for the reasons stated above in Paragraphs 21 and 22.

*As And For A Fifth Affirmative Defense*

24.     The Defendant did not know that his actions were substantially certain to result in the Plaintiff's injuries. He did not intend to cause the Plaintiff to suffer a fractured jaw for the reasons stated above. The state court informed the jury that to find for the Plaintiff on the cause of action of battery, the jury must find "The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive." The Defendant does not dispute that any physical contact during an altercation would meet this standard. However, the Defendant did not intend, and could not anticipate, that the Plaintiff would suffer the injuries complained of. Under the totality of circumstances, the Defendant's conduct was not without

just cause or excuse.

Dated: April 6, 2023
New York, New York

                                                  */s/ Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
287 Park Avenue South, Ste. 728
Astoria, New York  10010
Tel. 718.522.1117
Fax 718.596.1302
email@ortizandortiz.com
*Counsel to Steven Hiraldo*