**Anthony F. Giuliano, Esq.**
**GIULIANO LAW, P.C.**
**Attorneys for Movants**
**445 Broadhollow Road, Ste. 25**
**Melville. New York 11747**
**afg@glpcny.com**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

STEVEN HIRALDO,

Chapter 7
Case No. 22-11623

                                                        Debtor.
-------------------------------------------------------------X
RAUL MATOS,

                                                     Plaintiff,

          -against-                              Adv. Proc. No. 23-01011

STEVEN HIRALDO,

Defendant.
-------------------------------------------------------------X

## MOTION FOR SUMMARY JUDGMENT

Raul Matos ("Matos" or "Plaintiff") by his undersigned counsel, Giuliano Law P.C., in in support of Plaintiff's Motion for Summary Judgment ("Motion") pursuant to Fed R. Civ. P. 56 made applicable to these proceedings pursuant to Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7056, for an order; (a) pursuant to sections 523(a)(6), and 523(c) of title 11 of the United States Code, 11 U.S.C. sections 101 *et seq*. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4007, 7001(6) and 7003, determining that the debt of Debtor Steven Hiraldo ("Debtor" or "Hiraldo") to Plaintiff is nondischargeable; and (b) for such other

and further relief as this Court deems just and proper, respectfully represents as follows.

## PRELIMINARY STATEMENT

This is an action to determine the debt owed to Matos should be excepted from discharge pursuant to Section 523(a)(6) of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*. (the "Bankruptcy Code"). As will be set forth in detail below, the Debtor was found liable to the Plaintiff for civil battery in the amount of $250,000. While a finding of civil battery itself does not include the element of intent to cause injury, under the circumstances of this case, it is evident that the Debtor acted both willfully and maliciously when he stuck the Plaintiff, causing him severe personal injuries. "Second Circuit case law defines "willful" as meaning "deliberate or intentional" and concludes "[i]mplied malice may be demonstrated by the acts and conduct of the debtor in the context of the surrounding circumstances." In re Stelluti, 94 F.3d 84, 87-88 (2d Cir. 1996) (Internal quotation marks omitted.)" *Doe v. Roe (In re Roe)*, 274 B.R. 61, 64 (Bankr. D. Conn. 2002)

Here, there is no dispute as to the relevant facts of this case and no dispute as to the injuries sustained by the Plaintiff as a result of the willful conduct of the Debtor. As a result, summary judgment is appropriate, and the debt owed to Plaintiff by the Debtor should be deemed nondischargeable.

## PLAINTIFF'S STATEMENT OF FACTS[1]

---

[1] The statement of facts contained in this section are derived from the various documents and exhibits attached Plaintiff's Motion and there are no genuine issues of fact with respect to these statements.

2

1.  On December 25, 2014, in front of 161 West 108th Street, New York, New York, Hiraldo, attacked Matos, striking him on the left side of his face. See Exhibit "A" – Desk Appearance Ticket.

2.  As he was falling, Hiraldo continued to strike Matos. Matos fell and became unconscious. See Exhibit "B" – State Court trial transcript pp. 52-53.

3.  The Debtor is a trained martial artist, a black belt in Karate. Exhibit "B" – State Court trial transcript pp. 120.

4.  Matos was later admitted to the hospital, where X-rays revealed that he had sustained three fractures. Two fractures on the left side of his face and one on the right. Exhibit "B" – State Court trial transcript pp. 58-60 and 104.

5.  As a result of his injuries, Matos underwent surgery where a metal plate and screws were utilized to hold the bones of his jaw together. Exhibit "B" – State Court trial transcript pp. 58-60.

6.  After the assault, the police were called, and Hiraldo was arrested and charged with a violation of New York Penal Law 120.00 (Assault in the Third Degree). Exhibit "A" – Desk Appearance Ticket.

7.  While it is unclear from the record, it appears that Hiraldo pled guilty to a misdemeanor but was later permitted to replead to disorderly conduct after completing community service, paying restitution, and having no new arrests. Exhibit "C" – Transcript of State Court Plea Hearing pp. 2-3.

8.  Subsequently, on February 3, 2017, Matos filed an action in the Supreme Court of the State of New York, County of New York, captioned Raul Matos

v. Stephen Hiraldo, Index No. 151150/2017 (the "State Court Action"), in which recovery of damages for personal injury was sought as a result of Hiraldo attacking and beating Matos. Exhibit "D" – State Court Complaint.

9. As part of the complaint in the State Court Action (the "Complaint"), Matos alleged that, *inter alia*, Hiraldo "maliciously and intentionally assaulted and attacked" Matos causing injury. Hiraldo filed an answer denying the substantive allegations of the Complaint. Exhibit "E" – State Court Complaint.

10. A jury trial was held in the State Court Action on September 23, 24, and 27th of 2021. Exhibit "F" – County Clerk Verdict Certification.

11. The jury found Hiraldo committed battery against Matos, which was the substantial cause of injury to Matos, and that Hiraldo did not act in self-defense. Exhibit "G" - Jury Verdict Sheet, Exhibit "B" – State Court trial transcript pp. 182-184

12. As a result, Matos was awarded judgment against Hiraldo in the amount of $125,013.01 (the "Judgment"). Exhibit "H" – Judgment.

13. On February 13, 2023, the Plaintiff filed the instant action seeking to determine that the debt owed to him by the Debtor is nondischargeable pursuant 11 U.S.C. §523(a)(6). Exhibit "I" – Adversary Complaint.

14. On April 6, 2023, the Debtor filed an answer denying the substantive allegations of the complaint. Exhibit "J" – Amended Answer.

## THE SUMMARY JUDGMENT STANDARD

1. The summary judgment standard is a familiar one:

> Under Federal Rule of Civil Procedure 56(a), made applicable to this adversary proceeding by Bankruptcy Rule 7056, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

*All. Shippers, Inc. v. Choez (In re Choez)*, No. 15-45404-ess, at *11 (Bankr. E.D.N.Y. Nov. 20, 2017)

2. Additionally:

> A movant has the initial burden of establishing the absence of any genuine issue of material facts. Celotex, 477 U.S. at 322-23, 106 S.Ct. 2548. That burden can be satisfied by demonstrating the absence of evidence to support the non-movant's case. Id. at 325, 106 S.Ct. 2548. Once the moving party has met its burden, its opponent must do more than simply show that there is some metaphysical doubt as to these material facts. Or the record taken as a whole could not lead a rational tryer of fact to find for the non-moving party, there is no "genuine issue for trial."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

3. When considering a motion for summary judgment, the Court's task is not to "weigh the evidence and determine the truth of the matter but [to] determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The papers which may be reviewed by the Court considering summary judgment motions include not only pleadings, but also depositions and other examinations, answers to interrogatories, requests for admissions and other

discovery, and affidavits submitted in connection with the motion. Fed.R.Civ.P. 56(c); *In re J.T. Moran Financial Corp.*, 124 B.R. 926 (Bankr. S.D.N.Y. 1991); *In re Wedtech Corp.*, 165 B.R. 140 (S.D.N.Y. 1994).

4. As will be set forth in detail below, there are no material facts subject to a *bona fide* dispute, and the Plaintiff is entitled to summary judgment on a matter of law on the causes of action detailed herein.

I. **THE PLAINTIFF HAS ESTABLISHED ALL ELEMENTS TO ESTABLISH NONDISCHARGEABILITY UNDER SECTION 523(a)(6)**

5. "[A] Plaintiff must establish three elements to succeed on a Section 523(a)(6) claim." *Plaza v. Heilbron (In re Heilbron)*, No. 18-42486-ess, at *18 (Bankr. E.D.N.Y. Jan. 15, 2020).

6. The first element to be established in that the debtor acted willfully. The second element is that the debtor acted maliciously, and the third element is that the debtor's willful and malicious actions caused the injury to the plaintiff or the plaintiff's property. *Id.*

a. **The Debtor acted Willfully When Causing Injury to the Defendant**

7. Although the Bankruptcy Code does not define 'willful', case law has established that an act is 'willful' for the purposes of §523(a)(6)

> . . . when an actor had actual intent to cause injury or 'was substantially certain that the injury would occur.'" *Owens v. Powell (In re Powell)*, 567 B.R. 429, 434 (Bankr. N.D.N.Y. 2017) (quoting *Margulies v. Hough (In re Margulies)*, 541 B.R. 156, 162 (Bankr. S.D.N.Y. 2015)). Another [court] noted that "[a]n act is willful when the debtor intends to inflict the injury or knew that the injury was substantially certain to result." *Margulies v. Hough (In re Margulies)*, 517 B.R. 441, 453 (Bankr.

6

> S.D.N.Y. 2015) (internal citations omitted). *See In re Alicea*, 230 B.R. 492, 507 (Bankr. S.D.N.Y. 1999) (stating that "'[w]illful,' as used in § 523(a)(6), means 'a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury,' and includes conduct that the actor is substantially certain will cause injury") (internal citations omitted); *In re Mitchell*, 227 B.R. 45, 51 (Bankr. S.D.N.Y. 1998) (willfulness "includes conduct that the actor is substantially certain will cause injury") (internal citations omitted).

*Plaza v. Heilbron (In re Heilbron)*, No. 18-42486-ess, at *19-20 (Bankr. E.D.N.Y. Jan. 15, 2020)

8. It is undisputed that the Debtor acted willfully when he beat the Plaintiff. A "battery" is defined under New York law as "an intentional wrongful physical contact with another person without consent." *Girden v. Sandals International*, 262 F.3d at 203; *see Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348 (2d Cir. 2004) (same); *see also Lambertson v. United States*, 528 F.2d 441, 444 (2d Cir. 1976).

9. Since the Debtor was found guilty of battery. It has been established that the Debtor intentionally made wrongful contact with the Plaintiff. While this does not establish the Debtor's intent to cause the injury, that may be determined by the circumstances surrounding the injury. "To be a willful injury, the actor must intend to cause the injury or believe that the injury is substantially certain to result from his or her action." *In re Gavitt*, No. 10-17668, Adversary Case No. 11-1021, at *3 (Bankr. S.D. Ohio July 14, 2011).

10. It is undisputed that the Debtor struck the Plaintiff in the face, breaking his jaw in three places. The Debtor does not deny hitting the Plaintiff but merely

7

ascribes his actions to self-defense. However, the jury found that the Debtor was not acting in self-defense when he struck the Plaintiff. Therefore, the Debtor has admitted that he acted willfully when he struck the Plaintiff, and the jury determined that the Debtor's conduct was not justified. When taken together, these facts can only result in one conclusion: that the Debtor acted with willful intent to injure the Plaintiff. ". . . [A]n assertion of self-defense may amount to an admission that the underlying act was intentional and, in the event that justification is not established, an admission that the act was malicious. " *Plaza v. Heilbron (In re Heilbron)*, No. 18-42486-ess, at *21 (Bankr. E.D.N.Y. Jan. 15, 2020). *See also In re Taylor*, 322 B.R. 306, 310 (Bankr. N.D. Ohio 2004) (where evidence did not support claim of self-defense, the bankruptcy court found that "the only conclusion that can be drawn is that, within the meaning of § 523(a)(6), the Defendant, in causing injury to the Plaintiff, acted both 'willfully' and 'maliciously.'"). And, as the court in *Vyshedsky v. Soliman (In re Soliman)*, 515 B.R. 179, 183 (Bankr. S.D.N.Y. 2014) concluded when ruling for the plaintiff after trial, "[the defendant] attempted to justify his actions by claiming that he bit the [plaintiff]'s nose in self-defense. This is tantamount to an admission that [the plaintiff]'s injury was willfully caused." *Vyshedsky v. Soliman (In re Soliman)*, 539 B.R. 692, 699 (Bankr. S.D.N.Y. 2015). *Plaza v. Heilbron (In re Heilbron)*, No. 18-42486-ess, at *21-22 (Bankr. E.D.N.Y. Jan. 15, 2020)

b. **The Debtor Acted Maliciously When He Injured the Plaintiff**

11. The second element to determine that the debt to the Plaintiff is nondischargeable under § 523(a)(6) is that the Debtor acted with malice. The Second

Circuit has determined that the term "malicious" in the context of this section means:

> "'wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will.'" *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87 (2d Cir. 2003)). And "[t]he conduct complained of must be intended to or necessarily cause injury in order for the debt to be determined nondischargeable." *Yash Raj Films (USA) v. Ahmed (In re Ahmed)*, 359 B.R. 34, 41 (Bankr. E.D.N.Y. 2005).

*Plaza v. Heilbron (In re Heilbron)*, No. 18-42486-ess, at *20 (Bankr. E.D.N.Y. Jan. 15, 2020)

12. As indicated above, the jury in the State Court Action determined that the Debtor did not act in self-defense. The Debtor's actions, therefore, were wrongful and "without just cause". As such, the Debtor's actions were malicious.

13. In addition, "[m]alice may also be implied from 'the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" *Yash Raj Films (USA) Inc. v. Akhtar (In re Akhtar)*, 368 B.R. 120, 130-31 (Bankr. E.D.N.Y. 2007) (quoting *In re Stelluti*, 94 F.3d at 88). Further, "a court may find malice 'when anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another.'" *In re Akhtar*, 368 B.R. at 132 (citation omitted).

14. Here, there can be no dispute that the conduct of the Debtor (*i.e.,* punching the Plaintiff in the face and breaking his jaw without just cause) is contrary to the laws of this state, out of the ordinary conduct among people, and injurious to the Plaintiff. It is, therefore, clear from the factual circumstances of this case that the Debtor acted both willfully and maliciously in striking the Plaintiff.

9

**c. The Debtor's Willful and Malicious Conducted Caused the Injury to the Plaintiff**

15. The third element to be established when determining that a debt is nondischargeable under §523(a)(6) is that a debtor's willful and malicious conduct caused the injury to the Plaintiff. As established above, the Debtor's conduct in striking the Plaintiff was both willful and malicious. With respect to the third element, the jury in the State Court Action found that the Debtor's actions were the substantial cause of the injury to the Plaintiff. The jury then awarded the Plaintiff $125,000, and the state court entered a judgment in favor of the Plaintiff for $127,013.01.

16. Again, the Bankruptcy Code does not define "injury", however,

> [c]ourts give a plain meaning to the term "injury" when considering nondischargeability claims under Section 523(a)(6), and find that this element is met where the debtor's actions caused physical harm to the plaintiff. *See, e.g.*, *In re Soliman*, 539 B.R. at 700 (court stated that plaintiff clearly suffered injury after being bitten in the nose by the debtor, requiring stiches); *Hernandez v. Greene (In re Greene)*, 397 B.R. 688, 695 (Bankr. S.D.N.Y. 2008) (court found injury where the debtor stabbed the plaintiff in the abdomen with a knife); *In re Powell*, 567 B.R. at 433 (court stated that defendant indisputably caused serious injuries to plaintiff by knocking him to the ground and kicking him in the face, causing plaintiff to suffer broken eye socket and orbital bone).

*Plaza v. Heilbron (In re Heilbron)*, No. 18-42486-ess, at *22 (Bankr. E.D.N.Y. Jan. 15, 2020)

17. It is clear that a physical injury constitutes an "injury" for the purposes of §523(a)(6). Here, the Plaintiff was physically injured by the Debtor, and, as set

10

forth above, the injury was both willfully and maliciously inflicted. Thus, the Plaintiff has established the third element necessary under §523(a)(6).

II. **THE DEBTOR IS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL FROM RELITIGATING ANY MATTERS DETERMINED IN THE STATE COURT ACTION**

18. In rendering its verdict in the State Court Action, the jury made a series of findings as to the culpability of the Debtor with respect to the injuries suffered by the Plaintiff.

19. Specifically, the jury found, *inter alia*, (1) the Debtor was not acting in self-defense when he struck Plaintiff; (2) the Debtor committed a battery against Plaintiff; (3) the Debtor's actions were a substantial cause of injury to Plaintiff.

20. As these facts have already been litigated and determined, the Debtor is barred by the doctrine of collateral estoppel from relitigating these issues here.

21. Collateral Estoppel applies to actions under Section 523(a). "There is no doubt that the doctrine of collateral estoppel applies in bankruptcy proceedings generally and in proceedings arising under Section 523(a) of the Bankruptcy Code in particular. *In re Hyman*, 320 B.R. 493, 499 (Bankr. S.D.N.Y. 2005); *see also Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)")"

22. As applied in New York,

> . . ."[t]he doctrine of collateral estoppel precludes a party from relitigating 'an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point.'" *Kaufman v. Eli*

> *Lilly & Co.*, 65 N.Y.2d 449, 455 (1985) (quoting *Gilberg v. Barbieri*, 53 N.Y.2d 285, 291 (1981)). This doctrine "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006).

*Plaza v. Heilbron (In re Heilbron)*, No. 18-42486-ess, at *23 (Bankr. E.D.N.Y. Jan. 15, 2020)

23. Applying the two factors to determine whether a party is barred from relitigating certain issues to this case, it is undeniable that the Debtor is barred from relitigating issues determined by the jury in the State Court Action.

### a. The Identical Issues Necessarily Were Decided in the Prior Action and are Decisive of the Present Action

24. The State Court Action sought a determination that the Debtor committed civil battery when he struck and injured the Plaintiff. In order to make that determination, the jury had to determine, among other things, that the Debtor intentionally and wrongfully made contact with the Plaintiff without his consent. The specific charge to the jury on that issue was as follows:

> So, therefore, the elements of battery that the plaintiff must prove by a fair preponderance of the evidence, are as follows:
>
> 1  There was an intentional offensive bodily contact, without that person's consent.
>
> The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive.

12

> An offensive contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity.

*See* Exhibit G – Jury Verdict Sheet.

25. Therefore, the issues as to whether the Debtor intended to make a bodily contact with the Plaintiff, that such contact was "offensive," and that such contact was the cause of the injuries sustained by the Plaintiff were the result of the Debtor's conduct were necessarily decided in the State Court Action.

26. These determinations are decisive to this action since they establish each of the elements necessary to determine nondischargeability under §523(a)(6), notably, that the Debtor's conduct was the cause of the injuries sustained by the Plaintiff and that the Debtor's conduct was willful and malicious because he was not acting in self-defense.

27. Additionally, the same standard of proof utilized by the state court, is the same standard that applies to nondischargeability actions. *See Plaza v. Heilbron (In re Heilbron)*, No. 18-42486-ess, at *22 (Bankr. E.D.N.Y. Jan. 15, 2020) ("the standard of proof necessary in a nondischargeability action is by a preponderance of the evidence. As the Supreme Court has stated, "we hold that the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard." *Grogan v. Garner*, 498 U.S. 279, 291 (1991). ")

**b.  The Debtor Had a Full and Fair Opportunity to Litigate These Issues in the Prior Action**

28. The jury verdict in the State Court Action came after a full trial was

conducted. The Debtor was represented by counsel, and the judgment rendered was not a product of a default by the Debtor. In short, the Debtor had a full and fair opportunity to litigate these issues and cannot relitigate them here.

29. The Debtor is therefore precluded from arguing that he did not strike the Plaintiff, that he acted in self-defense when striking the Plaintiff, or that the injuries sustained by the Plaintiff were caused by the Debtor's willful conduct.

**WHEREFORE,** Plaintiff respectfully requests this Court enter an order: (1) determining the debt owed to the Plaintiff by the Debtor is nondischargeable pursuant to §523(a)(6); and (2) such other and further relief this Court deems just and proper.

Dated: Melville, New York
      October 27, 2023

                              GIULIANO LAW, P.C.
                              Attorneys for Plaintiff.

      By: *s/ Anthony F. Giuliano*
           Anthony F. Giuliano
           445 Broadhollow Rd., Ste. 25
           Melville, New York 11747
           (516) 792-9800
           afg@glpcny.com