FILED: NEW YORK COUNTY CLERK 02/03/2017 01:29 PM
NYSCEF DOC. NO. 1
INDEX NO. 151150/2017
RECEIVED NYSCEF: 02/03/2017

Case 23-01011-jpm    Doc 11-4    Filed 10/27/23    Entered 10/27/23 10:33:02    Exhibit Ex. D
- State Court Complaint    Pg 2 of 7

Summons and Complaint (Feb. 3, 2017) [p. A-42-51]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

RAUL MATOS,

                                *Plaintiff,*

              -against-

STEPHEN HIRALDO,

                              *Defendant.*

-----------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff designates
NEW YORK COUNTY as the
Place of trial

The Basis of Venue is
CPLR 503(a)

**S U M M O N S**

Plaintiff resides within
County of New York
State of New York

**To the above name Defendant:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service of this summons, or within thirty (30) days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
         February 3, 2017

                                                  RICHARD J KATZ LLP

                                                  By: _____
                                                      RICHARD J KATZ
                                                     *Attorneys for the Plaintiff*
                                                     110 William Street, 26th Floor
                                                   New York, New York 10038
                                                   (212) 233-1515

To:

Stephen Hiraldo
161 W 108th Street, Apt 3S
New York, NY 10025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

RAUL MATOS,

                    *Plaintiff*,

    -*against*-

STEPHEN HIRALDO,

                    *Defendant*.

-----------------------------------------------------------------X

Index Number:
Date Filed:

**COMPLAINT**

Plaintiff, Raul Matos, complaining of the defendant, Stephen Hiraldo, by his attorneys, Richard J Katz, LLP, upon information and belief, at all times hereinafter mentioned, alleges:

**OPENING RECITALS**

1.    Plaintiff, Raul Matos, resided and still resides within the County of New York, State of New York.

2.    Defendant, Stephen Hiraldo, resided and still resides at 161 West 108th Street, New York, New York.

3.    Defendant, Stephen Hiraldo, has been charged with a crime or crimes, stemming from allegations made herein.

4.    The defendant, Stephen Hiraldo, plead guilty to the crime or crimes for which he was charged.

5.    This action is being commenced within the time permitted by law.

FILED: NEW YORK COUNTY CLERK 02/03/2017 01:29 PM
NYSCEF DOC. NO. 1
INDEX NO. 151150/2017
RECEIVED NYSCEF: 02/03/2017

23-01011-jpm    Doc 11-4    Filed 10/27/23    Entered 10/27/23 10:33:02    Exhibit Ex. D
- State Court Complaint    Pg 4 of 7

## AS AND FOR A FIRST CAUSE OF ACTION

6. On December 25, 2014, approximately in front of the premises located at 161 West 108th Street, New York, New York, the defendant, Stephen Hiraldo, physically assaulted the plaintiff, Raul Matos.

7. At the aforesaid time and place, the defendant, Stephen Hiraldo, battered the plaintiff, Raul Matos.

8. At the aforesaid time and place, the defendant, Stephen Hiraldo, physically restrained the plaintiff, Raul Matos.

9. At the aforesaid time and place, the defendant, Stephen Hiraldo, intimidated the plaintiff, Raul Matos.

10. At the aforesaid time and place, the defendant, Stephen Hiraldo, wrongfully imprisoned the plaintiff, Raul Matos.

11. At the aforesaid time and place, the defendant, Stephen Hiraldo, detained of the plaintiff, Raul Matos.

12. The defendant's actions were careless, reckless, and negligent.

13. As a result of defendant's actions, careless, recklessness, and negligence, the plaintiff was injured.

14. As a result of defendant's actions, careless, recklessness, and negligence, the plaintiff was seriously injured.

15. As a result of defendant's actions, careless, recklessness, and negligence, the plaintiff has been rendered sick, sore, lame, and disabled; he has experienced, pain, suffering, and will experience the same in the future; has been obliged to expend, and will expend in the future, sums of money for medical care and attention; and has been unable to attend to her usual

FILED: NEW YORK COUNTY CLERK 02/03/2017 01:29 PM
NYSCEF DOC. NO. 1

23-01011-jpm   Doc 11-4   Filed 10/27/23   Entered 10/27/23 10:33:02   Exhibit Ex. D
- State Court Complaint   Pg 5 of 7

INDEX NO. 151150/2017
RECEIVED NYSCEF: 02/03/2017

avocation, vocation, and activities, has suffered a loss of wages and other benefits as a result and will continue to suffer same in the future.

16. By reason of the foregoing, the plaintiff has sustained damages in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

18. On December 25, 2014, approximately in front of the premises located at 161 West 108th Street, New York, New York, without cause or provocation, the defendant, Stephen Hiraldo, maliciously and intentionally assaulted and attacked, the plaintiff, Raul Matos.

19. That by reason of the foregoing, and the malicious and intentional acts of the defendant, plaintiff has been rendered sick, sore, lame, and disabled; he has experienced, pain, suffering, and will experience the same in the future; has been obliged to expend, and will expend in the future, sums of money for medical care and attention; and has been unable to attend to her usual avocation, vocation, and activities, has suffered a loss of wages and other benefits as a result and will continue to suffer same in the future.

20. By reason of the foregoing, the plaintiff has sustained damages in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

21. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

22. That the aforesaid occurrence and resulting injuries to plaintiff was due to the willful, wanton, reckless, and/or malicious conduct of the defendant.

23. That the aforesaid occurrence and resulting injuries to plaintiff was due to the conduct of the defendant and reflects an utter indifference to the safety and well-being of others in general and specifically, the safety and well-being of the plaintiff herein.

24. That the aforesaid occurrence and resulting injuries to plaintiff was due to the conduct of the defendant and demonstrates a conscious disregard for the safety and well-being of others in general and specifically, the safety and well-being of the plaintiff herein.

25. That the aforesaid occurrence and resulting injuries to plaintiff was due to the conduct of the defendant and exhibits a reckless disregard for human live and safety of others in general and specifically, the life and safety of the plaintiff herein.

26. That by reason of the foregoing, and the malicious and intentional acts of the defendant, plaintiff has been rendered sick, sore, lame, and disabled; he has experienced, pain, suffering, and will experience the same in the future; has been obliged to expend, and will expend in the future, sums of money for medical care and attention; and has been unable to attend to her usual avocation, vocation, and activities, has suffered a loss of wages and other benefits as a result and will continue to suffer same in the future.

27. By reason of the foregoing, the plaintiff has sustained damages in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiff demands judgment, on all the various causes of action, in an amount that exceeds the jurisdiction of all lower courts together with the costs and disbursements of this action, and interest from the 27th day of December 2014, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
      February 3, 2017

      Yours, etc.,

      RICHARD J. KATZ, LLP

      By: _____
          RICHARD J. KATZ
      *Attorney for Plaintiff*
      110 William Street, 26th Floor
      New York, New York 10038
      (212) 233-1515